DECISION
This appeal concerns certain personal income tax matters for the 2008 tax year. At issue is the number of dependents Plaintiff is entitled to claim and her filing status for that year.
A trial was held on August 19, 2010. Marisol Lopez participated on her own behalf. Jared Houser, Tax Auditor, represented Defendant. The record closed September 2, 2010.
 I. STATEMENT OF FACTS
Plaintiff has a sister named Mirayam Castaneda. Ms. Castaneda has three sons: Luis, Ezequiel, and Pablo. Plaintiff claimed the three nephews as her dependents on the 2008 state tax return.
Plaintiff produced sketchy and inconsistent evidence. She testified her sister lived with her a portion of that year. Official records did not confirm Plaintiff's address of record as ever being utilized by the schools.
Plaintiff's sister did not testify at trial. Plaintiff stated she had not spoken with her "in quite some time." There was no evidence as to how much Plaintiff contributed toward the nephews' support or what their annual budget entailed. She was unable to recall what items may have been paid by her sister. *Page 2 
 II. ANALYSIS
The Internal Revenue Code requires that a taxpayer claiming dependents provide over one-half of their support. See generally Internal Revenue Code (IRC) § 152(d)(1)(C) (limiting the IRC section 151 personal exemption deduction to qualifying relatives "with respect to whom the taxpayer provides over one-half of the individual's support for the calendar year * * *."). The same rule applies to head of household filing status. Hill v. Commissioner, TC Summ Op 2009-188, WL 4723324 at *3 (Dec 10, 2009) (stating that "[t]he taxpayer is considered as maintaining a household only if the taxpayer furnishes over one-half of the cost of maintaining the household."). See also Maule, Income Tax Liability:Concepts and Calculation, 507-2d Tax Mgmt. (BNA) U.S. Income, at A-52(5) (2009) (stating that the fourth of the five requirements "is satisfied if the individual furnishes more than one-half of the cost of maintaining the household during the taxable year", citing IRC § 2(b)(1) (other citations omitted)).
Because Plaintiff is unable to prove that she provided over one-half of the support of her claimed dependents for the year at issue, Plaintiff's appeal fails under ORS 305.427 (2007) (requiring that the party seeking affirmative relief must provide a "preponderance of the evidence * * * to sustain the burden of proof."). *Page 3 
 III. CONCLUSION
Plaintiff has not provided sufficient documentary proof to support her claims. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied
Dated this ___ day of January 2011.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on January27, 2011. The Court filed and entered this document on January 27, 2011.
 *Page 1